# CHARLES BRADLEY

*v.*

# JOHN E. BARBOUR.

1. PLEADING—*sufficiency of a plea of non-assumpsit.* To a declaration counting upon a joint liability as partners, the defendant, who was alone served with process, filed the plea of the general issue, which, after the formal part, alleged "that he did not undertake *and* promise in manner and form as the said plaintiff hath above thereof complained against him," etc. The circuit court sustained a special demurrer to this plea, because the defendant did not aver that he, together with his co-defendant, did not undertake *or* promise: *Held,* that the court erred in sustaining the demurrer.

2. SAME—*office of the words,* "*manner and form.*" It is a form commonly in use to aver that the party did not do so and so, "in manner and form," as alleged. The use of those words covers matters of both substance and form, and saves the necessity of repeating at length the allegations sought to be brought within the scope of the traverse.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. KNOWLTON, SMITH & SCALES, for the appellant.

Messrs. KING, SCOTT & PAYSON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was assumpsit, against two defendants, the declaration counting upon a joint liability upon a promissory note alleged to have been made by them as partners.   Appellant, Bradley, was alone served with process.   He appeared, and filed the plea of the general issue, which, after the formal part, was as follows:   "That he did not undertake *and* promise in manner and form as the said plaintiff hath above thereof complained against him," etc.

To this plea there was a special demurrer.   The cause alleged was,· "that said plea simply avers that said defendant Bradley, did not undertake *or* promise, etc., instead of averring, as it should do, that he, together with said Lott Frost, did not undertake or promise, etc."

The court below sustained the demurrer to appellant's plea, assessed plaintiff's damages and rendered judgment.   The case was brought to this court by appeal, and various errors are assigned, none of which are worthy of consideration, except that of sustaining the demurrer to the plea of non-assumpsit.

It has been held that the omission from this plea of the words, "or promise," would be bad on demurrer, but that the plaintiff could not sign judgment as for want of plea. 3 Chit. Pl. 908, and cases in notes.   But that is not here one of the causes for demurrer; for, in showing cause for demurrer, the pleader expressly states that the plea "avers that said defendant Bradley, did not undertake *or* promise," etc. If the plaintiff's attorney chose to construe the word "and" as "or," which he has done, it must be regarded as a waiver of that objection, when another and different one is specified. We do not think the cause which was assigned is sufficient. The precise point is this:   The declaration was upon a joint

promise alleged to have been made by appellant, and another, who was not served. The appellant, by his plea, says that he did not undertake and promise in manner and form as the plaintiff had in his declaration complained against him.

The appellee's counsel insist that this is not a good traverse of the declaration, because this defendant did not say that he and Frost did not undertake, etc.

If the averment in the plea had been as appellee says it was in his demurrer—"did not undertake *or* promise," etc.— we would be unable to see why it was not a complete traverse of the joint undertaking, as well as every other material fact alleged in the declaration.

It is a form commonly in use to aver that the party did not do so and so, "in manner and form" as alleged. The use of those words covers matters of both substance and form, and saves the necessity of repeating at length the allegations sought to be brought within the scope of the traverse. Stephens on Pl. pp. 52, 189.

The case of *Butman* v. *Abbot,* 2 Greenlf. 362, cited for appellee, is one, if a decision upon the point, we could not approve. It is sustained by neither reason nor authority, and pushes technicality to an extreme degree. But the case went off upon other points, and what the judge says about such a plea being bad on demurrer, is mere *obiter.*

We are of opinion that the court erred in sustaining the demurrer to the plea of non-assumpsit.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*